[No. B076600. Second Dist., Div. Four. Aug. 3, 1994.]

JIM Y. SUGASAWARA et al., Plaintiffs and Appellants, v. JEFFREY M. NEWLAND, Defendant and Respondent.

**COUNSEL**

Michael B. Montgomery for Plaintiffs and Appellants.

Minutillo & Gorman and John C. Gorman for Defendant and Respondent.

**OPINION**

**EPSTEIN, Acting P. J.—**

SUGASAWARA V. HAYASHI CORPORATION

This is an appeal from an order vacating an entry of default. The order was made pursuant to section 473 of the Code of Civil Procedure.[1] Appellants contend that the motion to vacate came after the six-month period recognized by section 473. They base their argument on the claim that the period runs from the entry of default. We do not agree. The plain language of section 473 makes it clear that the six-month period starts to run from the entry of judgment. In addition, section 473 requires the court to vacate the underlying default upon vacating the default judgment as a result of attorney's mistake, inadvertence, surprise, or neglect. Finding no judicial error, we shall affirm the order.

[1] All further code references are to the Code of Civil Procedure unless otherwise noted.

FACTUAL AND PROCEDURAL SUMMARY

On April 17, 1990, appellants Jim Y. and Chizu Sagasawara filed a complaint against respondents Jeffrey M. Newland and Kenneth S. Hayashi Corporation for fraud, rescission, restitution, and injunction. Newland is a former employee of Hayashi Corporation, a real estate brokerage company which handled the appellants' real estate transaction. Hayashi Corporation filed for bankruptcy protection in May 1991. After appellants filed their complaint, the company's president, Kenneth S. Hayashi, instructed Daniel D. White, its general counsel, to represent Newland in this action. Mr. White filed a general denial on behalf of Newland. After Hayashi Corporation filed for bankruptcy, the bankruptcy trustee took over Mr. White's files including the Newland file. Mr. White neglected to verify that the lawsuit against Newland was removed by the bankruptcy court and left Newland's matter unattended.

On February 28, 1992, the superior court struck Newland's answer as a sanction for failure to comply with discovery. Subsequently, appellants obtained a default against Newland and the superior court entered a default judgment in January 19, 1993, for approximately $220,000.

On March 15, 1993, Newland filed a motion to set aside the default and default judgment pursuant to section 473. The motion was supported by an affidavit by Mr. White, in which he acknowledged that he had neglected to independently verify that the action against Newland had been removed by the bankruptcy court proceedings. Mr. White further admitted that he had failed to provide the court or opposing counsel with a new address for receiving notices. After considering the moving and opposition papers, the court granted the motion and reinstated Newland's answer. Pursuant to section 473, the court ordered Mr. White to pay $700 to the plaintiffs and their legal counsel. Appellants filed a timely appeal from the order vacating the default.

DISCUSSION

The central question is whether the six-month limitation allowed by section 473 for relief based on attorney's neglect commences at the time default is entered or when the default judgment is rendered. If, as appellants argue, the six-month provision starts to run from entry of default, Newland's motion to set aside the default was barred because it was filed more than six months after entry of default. The cases appellants cite in support of their proposition are consistent with this position. (See *Koski* v. *U-Haul Co.* (1963) 212 Cal.App.2d 640 [28 Cal.Rptr. 398]; *Rutan* v. *Summit Sports, Inc.*

(1985) 173 Cal.App.3d 965 [219 Cal.Rptr. 381].) The problem is that these cases relate to discretionary relief. The statute was amended in 1988 to require relief from a default suffered because of attorney error, upon the filing of a proper application for such relief. It was amended again in 1991 to add the following provision: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months *after entry of judgment*, is in proper form, and is accompanied by an attorney's affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)

Newland's motion to set aside the default was filed in March 15, 1993, within six months of the entry of judgment. It was timely under the plain language of the statute. Appellants ask us to ignore the statutory language and hold that the six-month limitation runs from the date of the entry of default. Absent very exceptional circumstances, none of which is presented here, we are not permitted to do that. (See *People* v. *Castro* (1985) 38 Cal.3d 301, 310 [211 Cal.Rptr. 719, 696 P.2d 111].)

Having vacated the default judgment, the trial court also properly vacated the underlying clerk's entry of default against Newland which preceded the default judgment. A 1991 amendment to section 473 provides that if the default is caused by the attorney's mistake, inadvertence, surprise, or neglect, the court shall vacate the "default entered by the clerk . . . ."

Moreover, the legislative history indicates that the Legislature intended the court to vacate the underlying default caused by the attorney's mistake, inadvertence, surprise or neglect upon vacation of a default judgment. The Assembly Digest for Senate Bill No. 882, the legislative vehicle for the 1991 amendment, explains that when the default judgment is vacated, the court is "also" required to vacate the "underlying default entered by a county clerk." As the comments in the California Committee Analysis indicate, "it makes little sense to vacate a judgment without also vacating an underlying default . . . ." (Assem. Com. on Judiciary, Sen. Bill No. 882 (1991).) Unless the default itself is vacated, little is gained by vacating the default judgment.

## Disposition

The order is affirmed. Respondent to recover costs on appeal.

Vogel (C. S.), J., and Hastings, J., concurred.