Filed 9/30/15  Fitting v. Kraaijvanger CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAITLIN FITTING et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>PAUL KRAAIJVANGER,<br><br>        Defendant and Respondent. | A140976<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-12-524821)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on August 31, 2015, be modified as follows:

1.  On page 5, footnote 5 is modified to read as follows:

> [5] We disagree with some of the trial court's justifications for setting aside the default.  For example, the court's determination that the LLC was an indispensable party was incorrect.  However, the court's overall conclusion that Kraaijvanger should not be punished for the neglect of his attorney is sound.

2.  On page 8, second to last sentence of the first paragraph, the word "one" is changed to "a proposed demurrer" so the sentence reads:

> Here, although Kraaijvanger failed to submit a proposed answer with his January 2014 motion, he did file a proposed demurrer along with the motion for reconsideration of the May 2013 motion.

3. On page 11, the first and only sentence of the first paragraph, the term "responsive pleading" is changed to "demurrer" so the sentence reads:

> In sum, we find Kraaijvanger is entitled to mandatory relief under section 437, because he applied for relief within six months of judgment, submitted a proposed demurrer to the court, and Uchiyama's declaration demonstrates the default and default judgment were due to attorney neglect or mistake.

Appellants' petition for rehearing is denied. As appellants previously failed to raise the issues of whether the order on appeal set aside the terminating sanctions or whether setting aside only the default and default judgment would be an "idle act," we decline to address those arguments. (See *Midland Pacific Building Corp. v. King* (2007) 157 Cal.App.4th 264, 276 ["It is much too late to raise an issue for the first time in a petition for rehearing."].) We observe that, to the extent the order on appeal did not set aside terminating sanctions, our opinion affirming that order was not an idle act. The case remains live as it appears appellants have yet to obtain an order of dismissal or judgment based on the terminating sanctions. The status of the terminating sanctions and whether judgment should be entered pursuant to them are matters for the trial court to resolve. The other arguments raised in appellants' petition also do not warrant rehearing.

There is no change in the judgment.


Dated:


_____
Margulies, Acting P.J.

2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAITLIN FITTING et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>PAUL KRAAIJVANGER,<br><br>        Defendant and Respondent. | A140976<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-12-524821) |

Plaintiffs appeal an order setting aside the entry of default judgment in the amount of $325,504.32 against defendant Paul Kraaijvanger.  Default and terminating sanctions were entered against Kraaijvanger after his attorney, Karen Y. Uchiyama, declined to file a responsive pleading and failed to comply with court orders.  Uchiyama also did not contest plaintiffs' application for default judgment.  We find Kraaijvanger is entitled to mandatory relief due to attorney mistake or neglect pursuant to Code of Civil Procedure[1] section 437, subdivision (b), and therefore affirm.[2]

_____

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Kraaijvanger's motion to amend his brief to add and include citations to the record is denied.  Kraaijvanger fails to demonstrate good cause for failing to include these citations in the first instance.  Moreover, contrary to Kraaijvanger's representations, the amendments to the brief are not limited to additional citations to the record.  They also include substantive amendment, apparently intended to respond to points raised in plaintiffs' reply brief.

## I. BACKGROUND

The eight plaintiffs in this action are tenants in a six-unit San Francisco apartment building owned and operated by Kraaijvanger. The property is managed by Real Equity Group One, LLC (the LLC), which is allegedly Kraaijvanger's alter ego.

In September 2012, plaintiffs sued Kraaijvanger and the LLC (collectively, defendants) for tenant harassment pursuant to section 37.10B of the San Francisco Administrative Code. Kraaijvanger claims plaintiffs brought this suit in retaliation for an unlawful detainer action he filed against one of the plaintiffs and Benny Martin, plaintiffs' counsel.[3] According to plaintiffs' complaint, defendants demanded plaintiffs provide private, personal, and confidential information, including birth certificates, Social Security numbers, bank information, and the personal relationships of the plaintiffs within each unit. Plaintiffs also alleged defendants installed cameras around the property for the specific purpose of monitoring plaintiffs and their visitors and to coerce them into surrendering their tenancies. Kraaijvanger was served with the summons and complaint on October 9, 2012.

On October 19, 2012, plaintiffs filed an application for an order preserving evidence, seeking a turnover order for the apartment building's security camera footage. The court granted the motion. On November 14, 2012, plaintiffs filed a motion to compel compliance with the evidentiary order, which defendants declined to oppose. The court granted the motion on December 17, 2012, and imposed sanctions in the amount of $2,500. On January 7, 2013, plaintiffs filed another motion to compel, asserting defendants had yet to comply with the court's prior orders. This motion was also unopposed. The court granted it and imposed terminating sanctions, as well as further monetary sanctions in the amount of $8,625.

In the meantime, plaintiffs sought entry of default against Kraaijvanger. Defendants' counsel, Karen Y. Uchiyama, had asked plaintiffs to stipulate to extend the

---

[3] Kraaijvanger threatened to file an anti-SLAPP (strategic lawsuit against public participation) motion unless plaintiffs withdrew this action, but declined to follow through.

responsive pleading deadline from November 9, 2012 to November 29, 2012, stating she was busy preparing for a jury trial. Plaintiffs declined to so stipulate, and requested entry of default against Kraaijvanger on November 9. The clerk initially rejected the request, but later reversed course and eventually entered default on December 17, 2012.

In April 2013, plaintiffs attempted to enforce the court's monetary sanction order by levying the LLC's bank accounts. On May 16, 2013, defendants moved for an order staying the enforcement of those orders. Four days later, defendants also moved to set aside the default and sanction orders. Among other things, they argued Kraaijvanger was entitled to mandatory relief pursuant to section 473, subdivision (b) because the default was due to Uchiyama's mistake or neglect. On June 3, 2013, the trial court denied the motions as to Kraaijvanger, concluding his counsel was on notice of plaintiffs' request for sanctions, and that Kraaijvanger failed to file a proposed answer or other pleading in compliance with section 473, subdivision (b). Additionally, based on an arithmetic error, the court wrongfully concluded the motion to set aside was untimely. The court granted the motions as to the LLC, finding there was no evidence it had been properly served. It appears the LLC was properly served sometime thereafter, because it filed an answer in August 2013.

Kraaijvanger moved the court to reconsider. On July 11, 2013, the court once again denied Kraaijvanger's request to set aside the default. The court concluded the default was not caused by Uchiyama's mistake, inadvertence, surprise, or neglect, but was a result of her strategic decisions. Setting aside the default, reasoned the court, would reward and encourage Uchiyama's misconduct.[4]

In September 2013, Kraaijvanger filed an ex parte application to stay further enforcement of the sanction orders because no appealable default judgment had yet been entered. In the alternative, Kraaijvanger requested the court order and schedule a prove-

---

[4] Kraaijvanger appealed the June 3 and July 11 orders. The appeal was dismissed on plaintiffs' motion.

3

up hearing on the default. The court then stayed execution of the sanction orders pending entry of judgment subject to Kraaijvanger posting a $10,760 bond with the court.

A prove-up hearing was held on December 5, 2013. Uchiyama failed to attend. Consistent with their statement of damages, each of the eight plaintiffs sought $25,000 for emotional distress and $25,000 in punitive damages. The court entered judgment that day, awarding each plaintiff $25,000 in compensatory damages and $10,000 in punitive damages, in addition to $16,594.44 for sanctions, $28,000 in prejudgment interest, and $909.88 in interest on the sanctions, for a total of $325,504.32. The court also awarded plaintiffs $115,872.50 in attorney fees. Pursuant to plaintiffs' request at the prove-up hearing, the claims against the LLC were dismissed without prejudice.

On January 27, 2014, Kraaijvanger filed a motion to set aside the default judgment, arguing (1) the judgment was entered in violation of the court's prior order staying collection proceedings, (2) default judgment was the result of Kraaijvanger's mistake or excusable neglect, and (3) the motion was timely pursuant to section 473.5. As to the second point, Kraaijvanger asserted he was entitled to discretionary relief because he mistakenly relied on Uchiyama's advice to wait and see if plaintiffs could prove up their damages.

In her supporting declaration, Uchiyama explained she mistakenly assumed the clerk entered default against Kraaijvanger in November 2012, immediately after plaintiffs requested entry of default. Uchiyama stated she planned to move to set aside the default when her "schedule permitted it," and she had to think about "**when** to bring the motion and **why**." Uchiyama claimed she mistakenly believed defendants could not participate in the court proceedings that culminated in the terminating sanctions because default had been entered in November. She also believed it would be less costly for defendants if she waited to see if plaintiffs "could or would" prove up their damages before moving to set aside the default, the default judgment, and the discovery sanctions. Uchiyama stated she never received any kind of notice regarding the prove-up hearing, and implied she could have changed the outcome if she had attended.

4

The trial court granted Kraaijvanger's motion and set aside the default judgment for nonjoinder, concluding the LLC was an indispensable party and plaintiffs could not collect on a default judgment without joining the LLC to the proceedings. The court also set aside the default order. While the court found Kraaijvanger's motion was untimely pursuant to section 473, it held that equitable principles and the existence of an extrinsic mistake warranted the requested relief. The court reasoned there was no evidence Kraaijvanger was aware of his counsel's decision not to file a timely motion and the resulting prejudice to Kraaijvanger was too great to allow the default order to stand.

## II. DISCUSSION

Plaintiffs now appeal the trial court's order granting Kraaijvanger's January 2014 motion to set aside. They argue the LLC was not an indispensable party, there was no extrinsic mistake, the trial court made various errors of procedure and law, and Kraaijvanger was otherwise ineligible for relief under section 473, subdivision (b). We disagree on the last point, and find Kraaijvanger was entitled to mandatory relief due to the neglect of his attorney.[5]

Section 473, subdivision (b) authorizes a party or his or her legal representative to be relieved from the consequences of mistake, inadvertence, surprise, or neglect. The relief may be either discretionary or mandatory. A party seeking discretionary relief on the basis of neglect must show that neglect is excusable. (§ 473, subd. (b).) Further, applications for discretionary relief must be accompanied by a proposed responsive pleading and filed "within a reasonable time, in no case exceeding six months." (*Ibid.*) The jurisdictional time for discretionary relief begins to run upon entry of default. (*Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296–297.) Thus, the discretionary relief provision imposes on parties an obligation to exercise diligence in seeking relief promptly after learning of default. (*Metropolitan Service Corp. v. Casa de Palms, Ltd.*

---

[5] As plaintiffs contend, the trial court's justifications for setting aside the default—including its findings regarding joinder and equitable relief—are questionable. However, the court's overall conclusion that Kraaijvanger should not be punished for the neglect of his attorney is sound.

5

(1995) 31 Cal.App.4th 1481, 1487.)  We review decisions granting or denying discretionary relief for abuse of discretion.  (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.)

The mandatory relief provisions require a court to grant relief to a party if his or her attorney admits neglect, even if the neglect was inexcusable.  (*Beeman v. Burling* (1990) 216 Cal.App.3d 1586, 1605 & fn. 14.)  The purpose of the law is to relieve innocent clients of the consequences of their attorney's fault, to place the burden on counsel,[6] and to discourage malpractice actions by the defaulted client.  (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516.)  The mandatory relief provisions require an application to be made within six months.  (§ 473, subd. (b).)  The triggering event for the statutory period is the entry of default or the entry of judgment.  (*Sugasawara v. Newland*, *supra*, 27 Cal.App.4th at pp. 296–297.)  Applications for mandatory relief must be in the "proper form" (§ 473, subd. (b)), meaning they must be accompanied by a proposed responsive pleading (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 402).  If these conditions are satisfied, the court does not have discretion to refuse relief.  (*SJP Limited Partnership*, at p. 516.)  Thus, where the availability of mandatory relief does not turn on disputed facts and presents a pure question of law, we review de novo.  (*Ibid*.)  Where facts are in dispute, we review the trial court's determination for substantial evidence.  (See *Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867.)

The threshold issue on appeal is what form of relief is available to Kraaijvanger.  In May 2013, about five months after entry of default, Kraaijvanger moved for mandatory relief.  That motion was denied, as was Kraaijvanger's motion to reconsider it.  In January 2014—over a year after the entry of default but only a month after the entry of default judgment—Kraaijvanger moved for discretionary relief.  The order granting that motion is now on appeal.  As the trial court held, by the time Kraaijvanger moved for

---

[6] When a court grants mandatory relief, it must also direct the attorney at fault to pay reasonable compensatory legal fees and costs to opposing counsel or parties.  (§ 473, subd. (b).)

6

discretionary relief in January 2014, the statutory period for such relief had already run. However, to the extent Kraaijvanger's motion can be construed as one for mandatory relief, his application is not time barred since it was filed only a month after the entry of judgment.[7]

Plaintiffs argue we should only consider the availability of discretionary relief because that was the relief sought in Kraaijvanger's January 2014 motion. But we may inquire whether there is any alternative ground on which the court could have granted the motion to set aside. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) Plaintiffs' authority does not hold otherwise. They cite to *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124–1126, which merely states a motion for discretionary relief accompanied by a declaration of an attorney suggesting attorney fault does not impose a duty on the trial court to consider whether mandatory relief is available.[8] Nothing in that opinion suggests an appellate court may not consider other forms of available relief on appeal. Moreover, in this case, plaintiffs have had ample opportunity to argue the propriety of granting mandatory relief. Kraaijvanger initially moved the trial court for mandatory relief in May 2013, the crux of Kraaijvanger's January 2014 motion was that he erred in relying on his attorney to competently represent him in this matter, and plaintiffs addressed the applicability of the mandatory relief provisions in their appellate briefing.

---

[7] Kraaijvanger suggests he may also be relieved from default under section 473.5, which has a two-year statutory period. His position is meritless. Section 473.5 allows relief from default where service of a summons "has not resulted in actual notice to a party in time to defend the action." (*Id.*, subd. (a).) Here, Kraaijvanger concedes he was served with the summons on October 8 or 9, 2012, over two months prior to the entry of default, and immediately gave the papers to his attorney.

[8] In *Luri v. Greenwald,* the court also noted that "without notice that relief is sought under the mandatory provision, the opposing party may not have the opportunity to provide information on the 'reasonable compensatory legal fees and costs' required to be awarded" pursuant to the mandatory relief provisions. (*Luri v. Greenwald, supra*, 107 Cal.App.4th at pp. 1125–1126.) In this case, our opinion does not preclude plaintiffs from moving the trial court for attorney fees at a later date.

7

Plaintiffs also argue mandatory relief is unavailable because Kraaijvanger failed to file a proposed responsive pleading with his January 2014 motion. Again, we disagree. "[T]he purpose of the proposed answer requirement is to provide the delinquent party with an opportunity to show good faith and readiness to answer the allegations of the complaint," and courts have held that "substantial compliance" with this requirement is sufficient. (*Carmel, Ltd. v. Tavoussi*, *supra*, 175 Cal.App.4th at p. 402.) Here, although Kraaijvanger failed to submit a proposed answer with his January 2014 motion, he did file one along with the motion for reconsideration of the May 2013 motion. Accordingly, we find he substantially complied with the requirements of the statute.

Next, we must determine whether Kraaijvanger has shown attorney fault. We conclude that he has. As an initial matter, Uchiyama's neglect caused the initial entry of default and terminating sanctions. According to her declaration, Uchiyama waited until the 11th hour to ask plaintiffs' counsel to stipulate to an extension to file Kraaijvanger's responsive pleading, and when plaintiffs refused to stipulate, she turned her attention to another case and declined to seek immediate relief from the court. Further, Uchiyama stated she was under the mistaken impression the clerk entered default against both Kraaijvanger and the LLC in November 2012, and thus believed she could not attend the hearings on plaintiffs' motions for sanctions. She also mistakenly believed the court lacked jurisdiction to enter terminating sanctions because defendants had not yet appeared in the action. As plaintiffs point out, Uchiyama's declaration of fault is equivocal. At one point, she even states: "I was not neglecting my case." However, we can discern no other explanation for Uchiyama's handling of this matter, and in any event, her declaration also admits various mistakes of judgment.

Plaintiffs argue Uchiyama's actions were based on a strategic decision, not neglect or mistake. They focus not on the entry of default or the imposition of terminating sanctions, but on Kraaijvanger's failure to cure or set aside the default in a timely manner. In her declaration, Uchiyama stated that, once she believed default had been entered, she chose to delay applying for relief. Uchiyama explained: "I believed it would be less costly for my clients if we waited to see if Plaintiffs could or would

actually prove up in court any kind of monetary damages for 'harassment' against them within the six month statutory limit of C.C.P. Section 473, and then set aside the default, the ill-gotten discovery sanctions, and default judgment in one motion." According to plaintiffs, these statements show the default judgment was part of Uchiyama's strategy. Plaintiffs argue Uchiyama intended to allow the entry of default judgment, and if the resulting award was not de minimis, she planned to set it aside under section 473.

The merits of plaintiffs' argument turns on whether Kraaijvanger was required to show diligence in pursuing mandatory relief. Courts are split on the issue. (Compare *Metropolitan Service Corp. v. Casa de Palms, Ltd.*, *supra*, 31 Cal.App.4th at p. 1488 [mandatory relief provisions do not impose diligence requirement] with *Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521, 1525 [party must show diligence when seeking mandatory relief].) We agree with the line of cases holding a party seeking mandatory relief need not show diligence. Thus, as long as the default and default judgment were the result of Uchiyama's mistake or neglect and Kraaijvanger applied for mandatory relief within six months of the judgment, it does not matter if he or his attorney delayed seeking such relief. In any event, even if there is a diligence requirement, Kraaijvanger filed his January 2014 motion only a month after the entry of default judgment.

We also disagree with plaintiffs' contention that relief is never available where default results from a strategic decision. As our colleagues in the Fourth Appellate District framed the issue: "From the client's point of view, it doesn't matter a whit whether the default was due to gross carelessness or bad strategy; either way, the client is the one stuck with the judgment resulting from the attorney's error. In both cases, it is the attorney's 'neglect' to carry out his duty to his client that causes the problem. In both cases, the client should be entitled to relief if the attorney admits that the inaction was his responsibility." (*Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1010.)[9] Here,

_____

[9] The Second Appellate District reached a contrary holding in *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058. In that case, the court issued terminating sanctions after the plaintiffs' attorneys regularly failed to respond to

9

to the extent Uchiyama intended to allow the entry of default and default judgment and to leave her client's fate to the outcome of an uncontested prove-up hearing, her representation fell well below the standard of care. If we were to allow the judgment to stand, we would be handing Kraaijvanger a malpractice action. This is precisely what the mandatory provisions of section 473, subdivision (b) were enacted to prevent. (See *SJP Limited Partnership v. City of Los Angeles*, *supra*, 136 Cal.App.4th at p. 516.)

Plaintiffs also contend mandatory relief is unavailable because Kraaijvanger was at least partially responsible for the default. Courts have refused to grant mandatory relief where a client contributes to the fault. (*Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986, 991–992.) But client misconduct must be intentional to preclude relief. (See *Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 929.) Here, the trial court found there was no evidence Kraaijvanger was aware of Uchiyama's decisions, and we will not disturb that finding so long as it is supported by substantial evidence. (*Milton v. Perceptual Development Corp.*, *supra*, 53 Cal.App.4th 861, 867.) We conclude that it is. Nothing in the record suggests Kraaijvanger agreed to or approved of Uchiyama's failure to file a responsive pleading within the statutory period, or that he had any involvement in Uchiyama's response to plaintiffs' discovery requests or their subsequent motions for sanctions. In his declaration, Kraaijvanger stated that, upon being served, he left the matter to Uchiyama and provided her with relevant documents with the understanding they would be produced in discovery. Moreover, even if Kraaijvanger was aware or approved of Uchiyama's decision to wait and see how the prove-up hearing turned out, as discussed above, lack of diligence does not bar mandatory relief.

discovery, ignored all attempts to meet and confer, and defied orders compelling responses. (*Id.* at p. 1073) The court held: "[C]ounsel's obvious plan was to claim attorney fault and revive the claims through a section 473(b) motion for relief. If we were to hold that counsel's actions were subject to automatic, mandatory relief, we would be rewarding and encouraging this wholly improper conduct. A party cannot justly be permitted to seek relief under section 473(b) from sanctions imposed for deliberate failure to respond to discovery or oppose discovery motions." (*Id.* at p. 1074, fn. omitted.) The instant action is distinguishable. To the extent Uchiyama had a plan, it was not to default but to delay moving to set aside the default.

10

In sum, we find Kraaijvanger is entitled to mandatory relief under section 437, because he applied for relief within six months of judgment, submitted a proposed responsive pleading to the court, and Uchiyama's declaration demonstrates the default and default judgment were due to attorney neglect or mistake.

Because Uchiyama's conduct may have amounted to incompetent representation, we will order that a copy of this opinion be forwarded to the California State Bar for investigation and possible discipline. (Bus. & Prof. Code, § 6086.7.) We ask the State Bar to consider whether Uchiyama's actions in this matter warrant investigation and possible discipline.

### III. DISPOSITION

The order setting aside the default and default judgment is affirmed. The clerk of this court is ordered to forward a copy of this opinion to Uchiyama, as well as to the California State Bar for investigation and possible discipline. The parties shall bear their own costs on appeal.


_____
Margulies, J.


We concur:


_____
Humes, P.J.


_____
Banke, J.

11