Filed 4/8/21  Aquino v. Klein CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LEILA AQUINO,<br><br>          Cross-complainant and Appellant,<br><br>          v.<br><br>HARRY KLEIN, as Trustee, etc.,<br><br>          Cross-defendant and Respondent. | B301186<br><br>(Los Angeles County<br>Super. Ct. Nos. BC584799, BC615815) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Law Office of Nick A. Alden and Nick A. Alden for Cross-complainant and Appellant.

Law Offices of Timothy L. McCandless and Timothy L. McCandless for Cross-defendant and Respondent.

_____

This case arose after friends, who went into business together, became romantically involved and then had a falling out. Leila Aquino and her company, Synergy Financials & Management Services, Inc. (together Aquino) obtained a jury trial judgment in her favor. Having won the war, Aquino seeks to refight earlier battles by challenging several intermediate orders on appeal. She also contests the amended judgment awarding her attorney fees. We affirm three of the challenged orders and conclude that we may not review the merits of a fourth.

## BACKGROUND

Two decades ago, Thomas J. Shayman hired Aquino to provide financial advice, accounting, bookkeeping, and litigation support for his businesses. Shayman is the lifetime beneficiary of the Thomas J. Shayman Generation Skipping Exemption Trust (the trust), an irrevocable trust. Harry Klein is the successor trustee. Shayman and Aquino's personal and professional relationship began falling apart in 2013. Aquino's two-decades' professional relationship with Klein was a casualty of the breakup. The parties attempted to resolve their financial entanglements and litigation ensued. Having ultimately recovered less at trial than she wanted, Aquino has turned her sights on Klein in this appeal. Shayman is not a party to the appeal.

This litigation began with the complaint filed against Aquino by Burbank Management Group, Inc., doing business as Canyon Grille at Debell (BMG), a company owned by the trust. Aquino cross-complained against Shayman, Klein as trustee of the trust, and BMG. Of the complaint's five causes of action, the only one at issue on appeal was alleged against all three cross-defendants, and sought damages for breach of an agreement to

2

give Aquino 50 percent of BMG's stock in payment for her professional services, and failure to repay her for loans she made to the trust on behalf of BMG.

Klein, as trustee of the trust,[1] filed a complaint against Aquino (case No. BC615815) that was consolidated with this action. The operative version alleged that Klein executed a note in favor of Aquino secured by a mortgage on the trust's real property in reliance on Aquino's allegedly false representation that she would provide support for the amount of the debt.

After a five-day trial, the trial court granted Aquino's motion for directed verdict on all of Klein's complaint, and so she prevailed on that complaint.

The trial court granted Klein's motion for directed verdict as to all causes of action alleged against him in Aquino's cross-complaint, except the fifth for fraud. The jury returned a special verdict on that cause of action finding in Aquino's favor, but awarded her no damages against Klein.

Aquino prevailed against Shayman and obtained an award of $422,669.93 plus costs on her various claims against him. Aquino timely appealed from the judgment.

She then moved for in attorney fees for prevailing on Klein's complaint. The trial court awarded her half of her request and amended the judgment to reflect that amount. We allowed Aquino to file a supplemental brief addressing the fee award.

Additional relevant facts will be provided below.

---

[1] Hereinafter, we shall refer to Klein in his capacity as trustee as Klein, unless a distinction is necessary.

3

## DISCUSSION

I.     No error in granting Klein relief from default

A. *Facts*

Aquino obtained Klein's default for failure to answer her cross-complaint. Klein moved to set aside the default under Code of Civil Procedure[2] section 473, subdivision (b), and attached the declaration of defense attorney Arthur Hodge. Hodge declared that the entry of Klein's default "was the result of [his] mistake, inadvertence, surprise, or neglect, as described in section 473[, subd.] (b)" as it was "solely the result of failures on [his] own part to take action in response to" service of Aquino's cross-complaint on Klein. Aquino's opposition pointed to the unreasonableness of Hodge's actions. The trial court granted the motion.[3]

B. *Review and merits*

Appealability is a jurisdictional prerequisite that we must raise on our own initiative whenever a doubt exists about whether an order or judgment falls within section 904.1. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126–127.) An order granting a motion to set aside a default before a judgment has been entered is not appealable. (*Davis v. Taliaferro* (1963) 218

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] The minute order cited by Aquino did not grant the motion. Klein quotes from an order purportedly dated July 28, 2016, but did not augment the appellate record to include it. We obtained a copy of the July 29, 2016 order setting aside Klein's default from the superior court and, on our own motion, take judicial notice of it.

4

Cal.App.2d 120, 122.) However, intermediate rulings are generally reviewable on an appeal from the final judgment by the party adversely affected by them. (§ 906; *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531.) Aquino was adversely affected by the order setting aside Klein's default. It resulted in a final outcome in Klein's favor as he prevailed at trial on Aquino's cross-complaint. Hence, we may reach the merits of Aquino's appellate challenge to the set-aside order.

Aquino contends that Klein's motion to set aside the default was untimely filed one day more than six months after entry of the default. (Gov. Code, § 6803.) However, the six-month period in which to file a motion under section 473, subdivision (b) commences at different times depending on whether the motion seeks discretionary or mandatory relief. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶¶ 5:366 to 5:368.) Aquino's appellate contentions assume that Klein moved for discretionary relief. But, although Klein's motion did not specify the provision, attorney Hodge attached his declaration falling on his sword and declaring that the default was caused by his neglect, not excusable neglect. Therefore, the motion was premised on the mandatory provision of section 473, subdivision (b). (Cf. *SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 517 [mandatory relief available when neglect is inexcusable]; compare *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1132 [test for discretionary relief requires showing of excusable error].)

The time limit for mandatory relief, which is based on an attorney affidavit of fault, "does not begin to run until '*entry of judgment*.'" (Weil & Brown, Cal. Practice Guide: Civil Procedure

5

Before Trial, *supra*, ¶¶ 5:305.1 & 5:368.1; see *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 297.) The appellate record does not show that a default judgment was entered against Klein, and his motion stated that judgment had not yet been entered. The motion for relief from default was timely. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 5:305.2 [no deadline if no judgment entered].)

As section 473, subdivision (b) "does not require explication of reasons as a prerequisite to mandatory relief" (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438), we reject Aquino's next contention that attorney Hodge's conduct was not reasonable. The "purpose of the mandatory relief provision under section 473, subdivision (b) is achieved by focusing on *who* is to blame, not *why*." (*Id*. at p. 439.) Klein's motion to set aside his default was timely and accompanied by Hodge's sworn declaration of his fault under the mandatory provision, with the result that the trial court had no discretion to refuse relief. (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.)[4]

[4] Aquino also argues that Klein did not include the requisite proposed answer with his motion to set aside the default, a precondition for obtaining relief. (§ 473, subd. (b).). This requirement is not jurisdictional (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 5:305.10), and the record does not indicate that Aquino raised the pleading's absence in the trial court.

II.     No error in denying Aquino's summary adjudication motion

    A. *Facts*

Aquino moved for summary adjudication of the first cause of action in her cross-complaint seeking damages for breach of agreement to give her BMG stock and for repayment of loans she made to the trust for BMG.  Her motion valued her share of the stock at $645,498 based on an expert's appraisal and asked for $57,352 for the loans.

The only facts in dispute were the value of the stock, Aquino's contention that Klein and Shayman were equitably estopped to deny her valuation for failure to produce financial documents during discovery, and whether the trust and Shayman, rather than BMG, possessed the financial documents. The trial court denied Aquino's motion finding a triable issue of material fact.  Aquino asks us to reverse that order and to remand the case for further proceedings.

    B. *Review and merits*

An order denying summary adjudication is normally reviewable by writ petition and Aquino did not seek a writ.  (See generally § 437c, subd. (m)(1).)  However, a writ petition is not the exclusive method of obtaining appellate review.  (Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial, *supra*, ¶ 15:96.2.)  The order denying a motion for summary adjudication is reviewable under certain circumstances on appeal from a final judgment entered after a trial (§ 906; *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 343), but the appellant risks being unable to demonstrate prejudicial error when the same issue was decided adversely to the appellant both on denial of the motion and after trial on the merits (*Federal Deposit Ins.*

*Corp.*, at p. 343).  The reason is that a decision based on less evidence—presented on summary judgment—should not prevail over a decision based on more evidence—presented at trial, and where witnesses were cross examined, seen, and appraised. (*Gackstetter v. Frawley* (2006) 135 Cal.App.4th 1257, 1269.) Aquino lost her motion for summary adjudication of the first cause of action in her cross-complaint.  She prevailed at trial on the merits of that same cause of action, although the jury awarded her less than the amount she had asked for in the earlier motion:  $50,000 for the stock and $21,000 for the loans. Thus, she is technically aggrieved, and we may review the order. (§ 906.)

Our de novo review (*Edward Fineman Co. v. Superior Court* (1998) 66 Cal.App.4th 1110, 1116), applying the same steps as the trial court does in evaluating a summary adjudication motion (*Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1056–1057), reveals that Aquino did not carry her burden as moving party to prove each element of her breach of contract cause of action and so the burden never shifted to cross-defendants to show a triable issue of material fact (see generally § 473c, subd. (p)(1)).

The pleadings frame the issues to be considered on a motion for summary adjudication.  (*Wattenbarger v. Cincinnati Reds, Inc.* (1994) 28 Cal.App.4th 746, 750.)  Aquino's cross-complaint sought $30,352 for the loans she made on BMG's behalf, but her motion sought $57,352.  As for the value of the stocks, Aquino relied on her expert's appraisal submitted with her motion.  The appraisal valued the stock as of June 2014, and the report included the caveat that it was "based on limited documents, including interim financial statements for a short

8

period." (Italics omitted.) Aquino's summary adjudication motion argued that cross-defendants were equitably estopped to deny that valuation for failure to produce financial documents during discovery. Yet, the trial court had denied her motion to compel, and Aquino has not demonstrated on appeal that the denial was an abuse of discretion. (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1552.) Even had the trial court exercised its discretion (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 483) and estopped cross-defendants from challenging her appraisal, summary adjudication was properly denied as the appraisal report stated it did not rely on generally accepted accounting principles, with the result it did not establish Aquino's damages.

III.    We may not review the trial court's order denying Aquino's motion for sanctions.

Aquino filed a motion to strike Klein's operative complaint "pursuant to . . . sections 128.5 and 128.7," and requested $16,060 in sanctions on the grounds that the complaint contained false allegations, was legally and factually meritless, and was filed for the improper purpose of harassing her. The trial court denied the motion to strike and request for sanctions. On appeal, Aquino contends that the order was legally erroneous.

We may not review the order. " 'The clear import of [section 906] is to allow an appellate court to review rulings, orders, or other decisions that led up to, or directly related to, the judgment or order being appealed *to the extent they substantially affected the rights of one of the parties to the appeal.*' " (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1135, italics added.)

Aquino was not substantially affected by the order denying her motion to strike because as she acknowledges, she prevailed

9

at trial on Klein's operative complaint by obtaining a directed verdict against him. Nor was Aquino adversely affected by the trial court's denial of her request for sanctions. Section 128.7 gives the trial court discretion to impose sanctions. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 422.) Section "128.7 sanctions should be 'made with restraint' [citation] and are not mandatory even if a claim is frivolous." (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 448.) Aquino was never guaranteed to be awarded sanctions even had the court found her motion to strike had merit.[5]

IV.    No abuse of discretion shown in the award of attorney fees

Aquino appeals from the amended judgment awarding her $192,000.50 in attorney fees as the prevailing party on Klein's complaint on the note and trust deed. She initially sought $458,007.63, based on 866.22 hours at an hourly rate of $500. The trial court asked for further justification for the attorney fees. Aquino's supplemental brief reduced her request to $386,355.02, based on 776.1 hours worked, which she argued reflected the difficult nature of the case and the parties' "aggressive litigation" style.

---

[5] Aquino states that should she prevail on appeal, and to avoid further appeals, she would like this court to determine that Klein, individually, was the real plaintiff as the alter ego of the trust and should be held personally liable for filing a frivolous complaint. However, after entry of judgment in this case, the trial court denied Aquino's motion to add Klein individually as a judgment debtor. We denied her permission to brief the trial court's postjudgment order because that order was separately appealable, and she did not appeal it. (See generally § 904.1, subd. (a)(2).)

10

We review the trial court's ruling on the propriety of an attorney fees award for abuse of discretion. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460.) The " ' " 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong[']—meaning that it abused its discretion. [Citations.]" ' [Citations.] Accordingly, there is no question our review must be highly deferential to the views of the trial court." (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.) "An abuse of discretion is shown when the award shocks the conscience or is not supported by the evidence." (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549–550.)

Aquino contends that the award of half of the amount she ultimately requested was an abuse of discretion. However, the judge who awarded the fees here was the same judge who presided over the pretrial activity. He was well aware of the complexity of the issues, the meritorious nature of the motions, and is familiar with the time involved in motion and trial practice. The judge clearly scrutinized the request, as he asked for further justification. We cannot say that the attorney fees award shocks the conscience.

Aquino next argues that the trial court denied her due process by failing to give reasons for its ruling because it prevented her from demonstrating error on appeal. But none of the applicable court rules and statutes requires the court to state its reasons for ruling on an attorney fees motion. (See §§ 1032, 1033.5; Civ. Code, § 1717; Cal. Rules of Court, rule 3.1702.) Had she desired an explanation, Aquino should have asked the court

11

for one.  She cites *Herrington v. County of Sonoma* (9th Cir. 1989) 883 F.2d 739 and *Moreno v. City of Sacramento* (9th Cir. 2008) 534 F.3d 1106, which are inapt.  We are not bound by decisions of the federal courts of appeal (*People v. Williams* (2013) 56 Cal.4th 630, 668) and those cases concern the right to fees in federal civil rights litigation, not under state law in a suit between private parties.[6]

## DISPOSITION

The judgment is affirmed.  Each party to bear its own costs on appeal.

NOT TO BE PUBLISHED.


SALTER, J.[*]


We concur:



EDMON, P. J.           EGERTON, J.

---

[6] Finally, Aquino argues that the court erred in failing to enhance her attorney fee award to compensate for the fact that she retained her attorney on a contingency fee basis.  Her brief merely reasserts the request for an enhancement she made in the trial court.  The request was apparently denied, and she does not show how that denial was an abuse of discretion.

[*] Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.