Filed 2/7/23  Tillman v. Mills CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ED TILLMAN,<br><br>　　Cross-complainant and Appellant,<br><br>　　v.<br><br>CHRISTOPHER LEMONT MILLS et al.,<br><br>　　Cross-defendants and Respondents. | B317990<br><br>(Los Angeles County Super. Ct. No. 19NWCV00782) |

　　APPEAL from an order of the Superior Court of Los Angeles County.  Olivia Rosales, Judge.  Reversed and remanded with directions.

　　Law Offices of Alan G. Novodor and Alan G. Novodor for Cross-complainant and Appellant.

　　No appearance for Cross-defendants and Respondents.

————————————

Cross-complainant and appellant Ed Tillman (Tillman) appeals from a trial court order setting aside the defaults of cross-defendants and respondents Christopher Lemont Mills and Constantina S. Mills (collectively cross-defendants or the Millses) and the resulting default judgment entered in favor of Tillman. Tillman argues that the trial court erred in granting cross-defendants' motion pursuant to Code of Civil Procedure section 473, subdivision (b).[1]

We agree with Tillman that cross-defendants' motions to set aside their defaults were untimely. Accordingly, we reverse the trial court's order and direct the trial court to reinstate the defaults and default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Tillman leased a 2011 Bentley Mulsanne automobile from Porsche Leasing Ltd. and Porsche Financial Services, Inc. doing business as Bentley Financial Services (collectively Porsche Leasing).

Tillman was a longtime personal friend of the Millses. When they asked if they could sublease the Bentley from him, he agreed. In August 2014, Tillman and cross-defendants entered into an oral agreement, pursuant to which the Millses agreed to timely make the lease payments to Porsche Leasing and promptly return the vehicle to Tillman before the end of the lease or upon demand.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

On July 17, 2019, Porsche Leasing notified Tillman that the Millses had failed to make the required monthly payments. Tillman contacted the Millses, demanding that they either make the lease payments or return the Bentley to him. They failed to do so, prompting this litigation.

*Complaint*

On October 8, 2019, Porsche Leasing filed a complaint against Tillman.

*Cross-complaint*

On November 22, 2019, Tillman filed a cross-complaint against the Millses.

*Service by publication*

After repeated attempts at personal service and service pursuant to section 415.30[2] failed, Tillman obtained an order to serve cross-defendants by publication. Proof of publication was filed with the trial court.

*Request for entry of default*

When cross-defendants neglected to answer the cross-complaint, on October 9, 2020, their defaults were entered.

*Default judgment*

A default judgment in favor of Tillman and against cross-defendants was entered on July 13, 2021.

---

[2]    Section 415.30, subdivision (a) provides that "A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."

*Motions to set aside defaults*

Approximately one week later, cross-defendants each filed a motion to set aside their default pursuant to section 473, subdivision (b). Specifically, they sought "discretionary relief" from the trial court on the grounds that their defaults and the resulting default judgment "occurred as a result of surprise and excusable neglect because [they were] never personally served with a copy of the Summons or Cross-Complaint and only recently learned of this action."

Tillman opposed the motions. He argued, inter alia, that the motions were untimely: Under section 473, subdivision (b), a motion to vacate a default must be brought within six months of the date of the default. Because the motions were filed in July 2021, more than six months after cross-defendants' defaults were entered in October 2020, the trial court lacked jurisdiction to grant the motions.

After entertaining oral argument, the trial court granted cross-defendants' motions pursuant to section 473, subdivision (b),[3] setting aside cross-defendants' defaults and the resulting default judgment.

*Appeal*

Tillman's timely appeal ensued.

---

[3] The first page of trial court's minute order indicates that the motions were brought under section 473.5, although its analysis specifically cites and quotes section 473, subdivision (b). In light of the parties' written arguments, the absence of a reporter's transcript, and the substance of the trial court's order, we presume the reference to section 473.5 is a typographical error.

## DISCUSSION

The purpose of section 473, subdivision (b), is to promote the determination of actions on their merits. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.) To that end, it offers two avenues, one discretionary and one mandatory, for parties to obtain relief from defaults and default judgments. The discretionary relief portion of the statute is at issue here. It provides: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b); see also *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273 (*Pulte Homes*).)

"The general rule is that the six-month period within which to bring a motion to vacate under section 473 runs from the date of the default and not from the judgment taken thereafter. [Citations.]" (*Rutan v. Summit Sports* (1985) 173 Cal.App.3d 965, 970; see also *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296–297 [noting that this rule applies in cases of discretionary relief]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022, ¶ 5:279, p. 5-74).) "This six-month time limitation is jurisdictional; the court has no power to grant relief under section 473 once the time has lapsed." (*Austin v. Los Angeles Unified School District* (2016) 244 Cal.App.4th 918, 928.)

5

Cross-defendants' defaults were entered on October 9, 2020, and the default judgment was entered against them on July 13, 2021. While their motions for relief were filed less than six months after entry of the default judgment, they were filed more than six months after entry of their defaults. Under these circumstances, "[t]he trial court . . . could not set aside the default[s] under . . . section 473. And because it could not set aside the default[s], it also could not set aside the default judgment under . . . section 473, because that would be "'an idle act.'" [Citation.] "'If the judgment were vacated, it would be the duty of the court immediately to render another judgment of like effect, and the [cross-]defendants, still being in default, could not be heard in opposition thereto. . . .'" [Citations.]" (*Pulte Homes*, *supra*, 2 Cal.App.5th at p. 273.)

We therefore conclude that the Millses were not entitled to relief under section 473.[4]

---

[4] In his opening brief, Tillman further argues that the Millses were not entitled to relief either under section 473.5 or pursuant to the trial court's equitable powers. Because cross-defendants did not raise these grounds either on appeal or in their motions, and the trial court did not rely upon them, we need not address them here.

## DISPOSITION

The order setting aside cross-defendants' defaults and the default judgment against them is reversed. The trial court is directed to reinstate the defaults and the default judgment. Tillman is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT

7